UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02722-CAS(Ex) | Date | July 25, 2016 |
| Title | ANA CISNEROS, ET AL. V. LERNER NEW YORK, INC. d/b/a NEW YORK & CO., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Amir Mostafavi | Alexis Gevanter | |
| | Ellen Bronchetti (By Telephone) | |

**Proceedings:** PLAINTIFFS' MOTION TO REMAND (Dkt. 8, filed May 20, 2016)

## I. INTRODUCTION & BACKGROUND

On March 18, 2016, plaintiffs Ana Cisneros and Faranak Safa (collectively, "plaintiffs") filed this putative class action in the Los Angeles County Superior Court against defendants Lerner New York, Inc. ("Lerner"), and Does 1-20, inclusive. Dkt. 1, Ex. A ("Compl."). The complaint alleges eight causes of action: (1) failure to provide accurate wage statements; (2) failure to pay overtime compensation; (3) failure to pay wages on regularly established paydays; (4) failure to reimburse expenditures incurred on behalf of employer; (5) conversion; (6) unfair business practices; (7) failure to provide rest periods; and (8) failure to pay timely earned wages during employment and upon separation of employment. On April 20, 2016, defendants removed this action to this Court asserting jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). Dkt. 1, Notice of Removal.

On May 20, 2016, plaintiff filed a motion to remand this action to California state court. Dkt. 8. On July 11, 2016, defendants filed an opposition, Dkt. 13, and on July 17, 2016, plaintiffs filed a reply, Dkt. 16. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:16-cv-02722-CAS(Ex) | Date | July 25, 2016 |
|---|---|---|---|
| Title | ANA CISNEROS, ET AL. V. LERNER NEW YORK, INC. d/b/a NEW YORK & CO., ET AL. | | |

## II. BACKGROUND

Defendant Lerner is a specialty manufacturer and retailer of women's fashion apparel and accessories. Compl. ¶ 36. Plaintiff Ana Cisneros is an hourly employee at Lerner's retail store, located at the Westfield Topanga Center in Canoga Park, California. Id. ¶¶ 39, 41. Plaintiff Faranak Safa is a former employee who also worked at Lerner's retail store at the Westfield Topanga Center from around May 7, 2012 to October 14, 2015. Id. ¶ 40. Cisneros currently holds the title "Store Sales Leader" while Safa was previously employed as a store manager. Id. ¶¶ 39-40.

In their complaint, plaintiffs allege that they were required to make daily "off-the-clock" check deposits using their personal vehicles. Id. ¶ 42. Plaintiffs were allegedly instructed, as part of their employment duties, to deliver and deposit checks with at least one other employee . Id. ¶ 43. Plaintiffs maintain that they drove many miles each week between the retail stores and banks. Id. ¶ 47. Nonetheless, defendants allegedly did not compensate or reimburse plaintiffs for the time, mileage, and other actual expenses incurred while making these "off-the-clock" check deposits. Id. Plaintiffs now bring several claims against defendants for violations of the California Labor Code.

In the instant motion to remand, plaintiffs contend that defendants have not met the statutory requirements for federal jurisdiction under CAFA. In particular, plaintiffs allege that defendants have failed to demonstrate that (1) their proposed class contains at least 100 members and (2) the amount in controversy in this action exceeds $5,000,000. Mot. at 1.

## III. LEGAL STANDARD

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

CAFA gives federal courts jurisdiction over certain class actions if (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02722-CAS(Ex) | Date | July 25, 2016 |
| Title | ANA CISNEROS, ET AL. V. LERNER NEW YORK, INC. d/b/a NEW YORK & CO., ET AL. | | |

amount in controversy exceeds $5 million." Dart Cherokee Basin Operating Co., LLC v. Owens, ––– U.S. ––––, 135 S.Ct. 547, 552,(2014). There is no presumption against removal jurisdiction in CAFA cases; however, the defendant still bears the burden of establishing removal jurisdiction. Id. at 554. CAFA's "minimal diversity" requirement means that "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.' " Mississippi ex rel. Hood v. AU Optronics Corp., ––– U.S. ––––, 134 S.Ct. 736, 740, 187 L.Ed.2d 654 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)). Where, as here, the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the proponent of federal jurisdiction must establish it by a preponderance of the evidence. Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). Under the preponderance of the evidence standard, the removing party must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation omitted). In determining whether the removing party has satisfied this burden, the district court may consider facts in the removal petition and " 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' " Singer v. State Farm Mut. Auto. Ins. Co.,116 F.3d 373, 377 (9th Cir.1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335–36 (5th Cir.1995)).

## IV.   ANALYSIS

Defendants' removed this action pursuant to CAFA. As stated above, CAFA gives federal courts jurisdiction over certain class actions if (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee, 135 S.Ct. at 552. Here, plaintiffs concede that the parties in this action are "minimally diverse." See Mot., at 3. Accordingly, the Court only addresses whether defendants have adequately established that "the class has more than 100 members" and that "the amount in controversy exceeds $5 million."

### A.   Number of Class Members

Plaintiffs contend that defendants have failed to establish that the putative class in this action contains more than 100 members. However, as an initial matter, the parties appear to dispute the appropriate definition of the class. The complaint describes the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-02722-CAS(Ex) | Date | July 25, 2016 |
|---|---|---|---|
| Title | ANA CISNEROS, ET AL. V. LERNER NEW YORK, INC. d/b/a NEW YORK & CO., ET AL. | | |

class as "[a]ll persons who are employed by or have been employed as an Employee of Defendant who were required to make 'off-the-clock' deposits . . . by defendants in the United States from four years before the filing of this suit to the present." Compl. ¶ 59. In their notice of removal, defendants calculated that there were potentially as many as 3,437 members of this putative class. Dkt. 1, Notice of Removal ¶ 18. Defendants reached this number by calculating the total number of current and former employees who had worked in store locations that had off-site banking arrangements—i.e., store locations that would have required at least some employees to make "off-the-clock" check deposits. Id. In their motion, plaintiffs contend that defendants have grossly overstated the size of the class. Specifically, plaintiffs correctly note that the class definition only includes employees who were "required to make 'off-the-clock' deposits." Simply because an employee worked at a store location in which some employees were required to make "off-the-clock" check deposits does not mean that that employee was personally required to make "off-the-clock" check deposits. Moreover, in subsequent paragraphs of the complaint, plaintiffs clarify that the class is limited to "hourly employees" and employees "who hold or held *the position requiring 'off-the-clock' depositing*." Compl. ¶ 79 (emphasis added). In light of these limitations, plaintiffs contend that the class should be limited to "non-exempt, hourly employees in the position of Store Manager, Store Sales Leader, or similar position who made 'off-the-clock' deposits as the close of their shifts and were not reimbursed for using their personal vehicles to perform work duties for Defendants and/or paid wages for making those deposits." Mot., at 5. Because this definition limits class members to those employees who held positions that would have required them to make "off-the-clock" deposits, the Court finds that it more appropriately comports with the manner in which the complaint defines the class.

Nonetheless, even applying this more restrictive class definition, the Court finds that defendants have adequately established that the class contains more than 100 members. Specifically, defendants have submitted the declaration of Breanna Carmichael, a Senior Human Resources Generalist for defendant Lerner, who states that, during the class period, defendants "employed at least 110 current and former California non-exempt, hourly employees in the position of Store Manager, Store Sales Leader, or similar position who worked in stores with off-site banking arrangements and who could have made deposits at the close of their shifts." Carmichael Decl. ¶¶ 1, 4. Plaintiff provides no evidence to contradict this statement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02722-CAS(Ex) | Date | July 25, 2016 |
| Title | ANA CISNEROS, ET AL. V. LERNER NEW YORK, INC. d/b/a NEW YORK & CO., ET AL. | | |

Accordingly, defendants have met their burden of establishing that plaintiff's putative class contains more than 100 members.

### B. Amount in Controversy

Next, plaintiffs argue that defendants have failed to establish that the amount in controversy in this action exceeds $5 million. "In measuring the amount in controversy, a court must 'assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint.'" Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quoting Jackson v. American Bankers Ins. Co. of Florida, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997)); see also Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. Jul. 19, 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe"). "[W]hen the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1198 (9th Cir. 2015). "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using *reasonable assumptions* underlying the defendant's theory of damages exposure." Id. (emphasis added)

Here, defendants calculate that the amount placed in controversy by plaintiffs' claims is at least $5,079,780.76. In response, plaintiffs argue that these calculations are based on conclusory assertions and that defendants have failed to ground their calculations of the amount in controversy in "real evidence." The Court agrees with plaintiffs. Specifically, the Court finds that underlying many of defendants' calculations is a series of unsupported and attenuated assumptions regarding the damages claimed in plaintiffs' complaint.

For example, plaintiffs assert a claim for failure to provide rest periods in violation of California Labor Code § 226.7. Pursuant to California Labor Code § 226.7, "[i]f an employer fails to provide an employee a meal or rest or recovery period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of

Case 2:16-cv-02722-CAS-E   Document 23   Filed 07/25/16   Page 6 of 9   Page ID #:238

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'   JS-6

| Case No. | 2:16-cv-02722-CAS(Ex) | Date | July 25, 2016 |
|---|---|---|---|
| Title | ANA CISNEROS, ET AL. V. LERNER NEW YORK, INC. d/b/a NEW YORK & CO., ET AL. | | |

compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7(c). Defendants calculate that the amount in controversy for this claim is at least $1,543,256. They reach this amount by assuming that all class members were denied at least one rest period during every shift they worked throughout the class period. In other words, defendants assume a 100% violation rate. However, defendants submit no evidence that would support assuming that class members were denied rest periods on each and every shift they worked during the class period. Indeed, even plaintiffs' allegations do not go that far. While plaintiffs allege that defendants failed to "provide plaintiffs with paid 10-minute rest periods for every four (4) hours or major fraction thereof worked per day," they do not allege that defendants *never* provided paid rest periods. See also Ibarra, 775 F.3d at 1198-99 ("We agree with the district court that a 'pattern and practice' of doing something does not necessarily mean always doing something. The complaint alleges a 'pattern and practice' of labor law violations but does not allege that this 'pattern and practice' is universally followed every time the wage and hour violation could arise.").

Moreover, in calculating the amount in controversy for purposes of CAFA, courts have been hesitant to accept unsupported assumptions of a 100% violation rate. See, e.g., Amaya v. Consolidated Container Co., LP, 2015 WL 4574909, at *2 (C.D. Cal. Jul. 28, 2015) ("[A] defendant cannot assume a 100% violation rate based on the plaintiff's general allegation of a 'pattern and practice' " of unlawful activity.). And, in cases where courts have permitted defendants to assume a 100% violation rate, the plaintiff has expressly alleged that the defendant engage in a "uniform" practice resulting in continuous violations. see, e.g, Mejia v. DHL Express (USA), Inc., 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding a 100% violation rate was a permissible assumption where plaintiff alleged that defendant "adopted and maintained uniform policies, practices and procedures that caused the purported violations of California's rest period law"); see also Ibarra, 775, F.3d at 1199 (suggesting that an allegation that the defendant "universally, on each and every shift" violated labor laws would be sufficient to support an assumed 100% violation rate). Accordingly, the Court finds that defendants have impermissibly assumed a 100% violation rated in calculating the amount in controversy for plaintiffs' rest period claims.

Defendants calculations with respect to plaintiffs' claim for waiting time penalties suffer from a similar defect. California Labor Code section 201(a) provides that, "[i]f an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-02722-CAS(Ex) | Date | July 25, 2016 |
|---|---|---|---|
| Title | ANA CISNEROS, ET AL. V. LERNER NEW YORK, INC. d/b/a NEW YORK & CO., ET AL. | | |

employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code section 203(a) then provides that, "[i]f an employer willfully fails to pay . . . in accordance with Section[] 201 . . . any wages of an employee who is discharged or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." By its terms, section 203(a) provides that waiting time penalties may be accumulated for a maximum of 30 days. Here, defendants calculate that the amount in controversy for plaintiffs' claim for waiting time penalties is $317,284.80. In reaching this amount, defendants assumed that all class members would be entitled to receive waiting time penalties for the entire 30 day statutory period. However, defendants provide no evidence to support their assumption that *every* class member would be entitled to recover waiting time penalties for 30 days.

Another court in this district recently rejected a similar assumptions as speculative and unsupported. Specifically, in Vasserman v. Henry Mayo Newhall Memorial Hospital, 65 F. Supp. 3d 932 (C.D. Cal. 2014) (Morrow, J.), the plaintiffs asserted a claim for waiting time penalties and the defendant removed the action to federal court asserting that jurisdiction was appropriate under CAFA. In attempting to establish that the amount in controversy exceeded $5 million, the defendant assumed that every employee in the class would be entitled to waiting time penalties over the entire 30 day period permitted by section 203(a). Id. at 972. The court rejected this assumption as unsubstantiated:

> Newhall Memorial's calculation of waiting time penalties presumes that each of the 275 class members who separated from Newhall Memorial during the class period did not receive the wages he or she was due for a full thirty days. Newhall Memorial does not explain why such an assumption is warranted, and neither the allegations in the complaint nor evidence support using such a variable.

Id. at 978. Accordingly, the court found that the defendant had failed to adequately establish that the amount in controversy exceeded $5 million and remanded the action to state court. Id. at 985.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02722-CAS(Ex) | Date | July 25, 2016 |
| Title | ANA CISNEROS, ET AL. V. LERNER NEW YORK, INC. d/b/a NEW YORK & CO., ET AL. | | |

Similarly, here, defendants have not submitted any evidence to support their assumption that every class member who separated from defendants during the class period should be permitted to recover waiting time penalties for the full period of 30 days. Defendants merely contend that, since more than 30 days has passed since the last of the class members was terminated, the statutory maximum period should apply. But this is insufficient. The statutory maximum period does not apply simply because thirty days has passed since a plaintiff was terminated; rather, in order to recover penalties for the full statutory period, a defendant must have failed to pay a plaintiff's wages for thirty days or more. Here, there is no evidence to suggest that defendants failed to pay any class member's wages for a period of thirty days—let alone that they failed to do so for every class member. See also Garibay v. Archstone Communities LLC, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (Unpub. Disp.) ("Garibay also alleges violations of Cal. Labor Code § 203, which provides that employers who fail to timely pay all earned wages upon termination are subject to a fine equal to the employee's normal wages for each day the wages are late, up to a maximum of 30 days. Archstone assumes that each employee would be entitled to the maximum statutory penalty, but provides no evidence supporting that assertion").[1]

In sum, many of the assumptions that are key to defendants' damages calculations are not supported by adequate evidence. As the Ninth Circuit has explained, "a damages assessment may require a chain of reasoning that includes assumptions." Ibarra, 775 F.3d at 1199. Nonetheless, "[w]hen that is so, those assumptions cannot be pulled from thin

---

[1] At the hearing, counsel for Lerner attempted to distinguish the decision in Vasserman. Specifically, counsel noted that in Vasserman the Court found that the defendants' amount in controversy calculations were deficient, not only because they assumed that all class members would be entitled to waiting period penalties for 30 days, but also because they assumed that each class member would be entitled to 8 hours of wages for each of those days. Here, by contrast, plaintiffs have expressly alleged that during the class period each class member worked more than 8 hours per day. However, Vasserman still stands for the proposition that it is improper to assume, without support, that all class members will be entitled to waiting time penalties for the full 30 day period permitted by section 203(a). Accordingly, counsel's attempt to distinguish Vasserman is unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02722-CAS(Ex) | Date | July 25, 2016 |
| Title | ANA CISNEROS, ET AL. V. LERNER NEW YORK, INC. d/b/a NEW YORK & CO., ET AL. | | |

air but need some reasonable ground underlying them." Id. Moreover, when "confronted with a motion to remand . . . the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence." Amaya, 2015 WL 4574909, at *1. Here, defendants' calculations, even without taking into account the defects noted above, only barely meet CAFA's $5 million amount in controversy requirement. And, when the Court *does* take into account that many of defendants' calculations are based on attenuated and unsupported assumptions, it is apparent that defendants have failed to demonstrate by a preponderance of the evidence that the amount in controversy in this action exceeds $5 million. Accordingly, the Court finds that defendants have failed to establish that jurisdiction exists pursuant to CAFA and, therefore, GRANTS plaintiffs' motion to remand.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion to remand.

IT IS SO ORDERED.

| | | 00 | : | 10 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |